UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DALLIS F. COOMER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No:  4:19CV2649 HEA |
| | ) | |
| | ) | |
| KELLY MORRISS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. §

2254 [Doc. No.1] on September 26, 2019.  On October 28, 2019, Petitioner filed a

Request for a Stay and Abeyance, [Doc. No. 9]. Respondent filed a Response to

this request and to the Court's Order to Show Cause Why Relief Should Not be

Granted [Doc. No. 10] on November 12, 2018.  Briefing has been concluded in the

matter. For the reasons set forth below, the Request for Stay and Abeyance is

denied, as is Petitioner's Petition for Writ of Habeas Corpus.

**Request for Stay**

Petitioner seeks a stay in this matter so that he can exhaust his claim

regarding "2014 S.B. 491."  In this Request, Petitioner argues that his post-

conviction counsel failed to file for a reduction of sentence pursuant to the newly

enacted senate bill 491.  Petitioner has not presented this claim before.  As Respondent correctly argues, Petitioner's request should be denied.

Petitioner presents nothing to establish he has presented his claim to the Missouri courts, nor does he advise the Court of the reason for this failure. Although Petitioner is attempting in his Request to obtain a ruling from this Court as to counsel's ineffectiveness for failing to raise it, this claim is based on Missouri law and not a proper basis for granting habeas relief.  "[F]ederal habeas corpus relief does not lie for errors of state law, see, *e.g., Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 874, 79 L.Ed.2d 29 (1984); *Rose v. Hodges,* 423 U.S. 19, 21-22, 96 S.Ct. 175, 177-178, 46 L.Ed.2d 162 (1975) (*per curiam*)." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Moreover, even if this Court were the proper forum for Petitioner's claim, his request for a stay is without merit.  Under Missouri law, Petitioner would not be entitled to raise the issue of Bill 491. The language from the previous statute has been removed from Mo.Rev.Stat. § 1.160.

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except that all such proceedings shall be conducted according to existing procedural laws.

Mo. Rev. Stat. § 1.160 (2005).  Thus, Petitioner would not be entitled to any benefit from granting a stay.

**Habeas Petition**

### Procedural Background

On May 22, 2017, Petitioner was sentenced to incarceration for a period of eight years on one counts of driving while intoxicated by the Circuit Court of Cape Girardeau County.  Petitioner is currently within the custody of the Missouri Department of Corrections.

### Statement of Claims

Petitioner claims his attorneys were ineffective for failing to locate and interview alibi witnesses.

### Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996.  When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000).  Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was

based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

### Discussion

Review under 28 U.S.C. § 2254 is a review to determine whether a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Missouri Court of Appeals, in reviewing the post-conviction motion denial considered Petitioner's claim of ineffective assistance of counsel. The claims were considered with *Strickland v. Washington*, 466 U.S. 668 (1984) as the legal compass. The Missouri Appeals Court concluded the ineffective assistance of counsel claims were without merit. In so doing, the Missouri court found:

> To establish he received ineffective assistance of counsel, a movant "must prove by a preponderance of the evidence that: (1) counsel failed to exercise the level of skill and diligence of a reasonably competent attorney; and (2) that he was thereby prejudiced." *Dunlap v. State*, 452 S.W.3d 257, 262 (Mo. App. W.D. 2015) (citing Zink v. State, 278 S.W.3d 170, 175 (Mo. banc 2009)). "A movant claiming ineffective assistance must overcome a strong presumption that counsel provided competent representation." Dunlap, 452 S.W.3d at 262 (citing *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005)). "To prove prejudice the movant must demonstrate that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Because a movant must establish both deficient performance by counsel and prejudice, if he fails to establish one prong, a court need not address or consider the other. O'Neal v. State, 766 S.W.2d 91, 92 (Mo. banc 1989).
>
> In the context of a Rule 24.035 motion, "any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." *Cooper v. State*, 356 S.W.3d 148, 153 (Mo. banc 2011). As a result, in order to prevail on a claim of ineffective assistance of counsel following a guilty plea, a movant "must establish a serious dereliction of duty that materially affected his substantial rights and further show that his guilty plea was not an intelligent or knowing act." *Whitehead v. State*, 481 S.W.3d 116, 123 (Mo. App. E.D. 2016). Prejudice exists if the movant can demonstrate that, but for counsel's ineffective assistance, he would have not pleaded guilty and instead would have insisted upon going to trial. *Whitehead*, 481 S.W.3d at 123.
>
> Failure to Investigate Witnesses

In Point I, Movant argues the motion court clearly erred in denying his claim that plea counsel was ineffective for failing to investigate, interview, and depose two witnesses before advising Movant to plead guilty to driving while intoxicated. Movant argues that, but for plea counsel's deficient performance, he would not have pled guilty but would have insisted on going to trial. Movant argues he was thereby prejudiced. We disagree.

In his Amended Motion, Movant alleged that his attorneys were ineffective for failing to interview two witnesses prior to advising Movant to plead guilty because Movant told plea counsel that he did not commit the crime and if plea counsel had investigated these witnesses, they would have discovered Movant had a viable defense. Specifically, Movant alleged that, from these two witnesses, plea counsel would have learned that Movant had at no time been drinking, had not violated any traffic laws, had not crossed the center line while driving his car, did not smell of alcohol, nor appeared intoxicated, as alleged by police. Movant alleged that at the time of the plea hearing, he did not know that plea counsel had not investigated or interviewed these witnesses and, therefore, his plea of guilty made was involuntarily, unknowingly, and unintelligently.

In denying this claim, the motion court found that at the time of the plea, Movant indicated he was satisfied with his counsels' services and his attorneys had investigated the facts of the case to his satisfaction. The motion court found that, based on the record, there was no reasonable basis to believe that plea counsel had failed to investigate the case. The motion court's findings of fact and conclusion of law are not clearly erroneous. "When a movant pleads guilty and then affirmatively states in court that he is satisfied with the performance of his trial counsel, he is not then entitled to an evidentiary hearing on a claim that counsel was ineffective for failure to investigate, because such claim is refuted by the record." *Simmons v. State*, 100 S.W.3d 143, 146 (Mo. App. E.D. 2003). In other words, "[b]y pleading guilty, a movant generally waives any complaint he might have about counsel's failure to investigate his case, except to the extent that counsel's inadequate investigation affected the voluntariness and understanding with which the movant entered the plea." *Routt v. State*, 493 S.W.3d 904, 911 (Mo. App. E.D. 2016) (quoting *Conger v. State*, 356 S.W.3d 217, 224 (Mo. App. E.D. 2011)). When a movant claims counsel failed to adequately investigate a case, this Court considers whether counsel "fulfilled [his] obligation to either conduct a reasonable investigation or to make a reasonable decision that a particular investigation was unnecessary."

*Conger*, 356 S.W.3d at 224 (quoting *Hill v. State*, 301 S.W.3d 78, 82 (Mo. App. S.D. 2010)).

Here, the record clearly demonstrates that throughout the guilty plea proceedings, Movant represented to the court that he had told plea counsel all of the facts and circumstances known to him about the charges, and he believed that plea counsel was fully informed on all such matters, and that plea counsel had advised him on the nature of each charge, all lesser-included offenses, and all possible defenses that he might have. Movant represented that he understood that if he pled guilty, he was waiving his right to trial and all other rights attendant to trial. Movant affirmatively stated that plea counsel had done all that he could to help him, and that Movant was satisfied with plea counsel's advice and assistance.

Moreover, plea counsel certified to the court that they had investigated the circumstances of the case and explored all avenues leading to facts relevant to guilt, and had made efforts to secure information in the possession of the prosecution and law enforcement authorities.

At the plea hearing, Movant again testified that plea counsel had investigated the facts of the case to his satisfaction and that there was nothing that Movant had asked that plea counsel had not done. Movant admitted that he had driven down Highway 25 in Cape Girardeau County and was intoxicated at the time, and further acknowledged that he had five prior convictions for driving while intoxicated. Movant was offered multiple opportunities to complain about plea counsel's performance regarding a failure to investigate, but failed to do so. Therefore, Movant's claim is refuted by the record. *Simmons*, 100 S.W.3d at 146.

Even if Movant's claim was not refuted by the record of the guilty plea, Movant's pleadings were insufficient because Movant failed to plead that the witnesses he claims plea counsel should have investigated could have been found through reasonable investigation and would have been available and willing to testify at trial. *Conger*, 356 S.W.3d at 224. Point I is denied.

Respondent's Exhibit F.  (Respondent's Exhibit J, pp. 4-5).

These findings are consistent with federal law.

Courts should not upset a plea solely because of *post hoc* assertions from a
defendant about how he would have pleaded but for his attorney's
deficiencies." *Meza-Lopez v. United States*, 929 F.3d 1041, 1045 (8th Cir.
2019). Instead, judges should "look to contemporaneous evidence to
substantiate a defendant's expressed preferences." *Id.* In particular, a
"defendant's representations during the plea-taking carry a strong
presumption of verity and pose a formidable barrier in any subsequent
collateral proceedings."

*Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted). The

Missouri Court's conclusion is a reasonable determination of the issues and, as is

legally required, must receive deference pursuant to 28 U.S.C §2254(d).

## Conclusion

Based upon the foregoing discussion and analysis, the Request for a stay

and the Petition for Writ of Habeas Corpus are denied.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it

"must issue or deny a certificate of appealability." R. Governing Section 2254

Cases in the U.S. Dist. Cts., R. 11.  If a federal court denies a habeas application on

procedural grounds without reaching the underlying constitutional claims, the court

should issue a certificate of appealability if the prisoner has shown "that jurists of

reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*,

529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district

court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted").  Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786 Hence, no certificate of appealability will be issued.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Request for Stay, [Doc. No. 9], is **DENIED**.

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order

is entered this same date.

Dated this 2nd day of November, 2020.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE